KMH

## In The
# United States Court of Appeals
## For The Fourth Circuit

RECEIVED
2022 APR 13 PM 2:12
U.S. COURT OF APPEALS
FOURTH CIRCUIT

## BRIAN DAVID HILL,

*Petitioner – Appellant,*

v.

## UNITED STATES OF AMERICA,

*Respondent – Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

---

**INFORMAL OPENING BRIEF OF APPELLANT**

---



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505



*Pro Se Appellant*     *JusticeForUSWGO.wordpress.com/JusticeForUSWGO.NL*

USCA4 Appeal: 22-6325      Doc: 5      Filed: 04/13/2022      Pg: 1 of 62

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .............................................................. v to xi

I. STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION ............................................1

II. STATEMENT OF THE ISSUES ...................................................2

III. STATEMENT OF THE CASE ......................................................6

IV. SUMMARY OF THE ARGUMENT .............................................10

V. ARGUMENT ..............................................................................12

    A. Standard of Review ...........................................................12

    B. Argument .........................................................................15

        **GROUND i.**
        **The district court erred as a matter of law and as a matter of
        fact or abused discretion in denying the Appellant's Motion
        For Appointment Of Special Master (Document #294)
        without further assessing the credibility of the claims made
        by Attorney L. Lin Wood who had originally made the claims
        of "judges" and "officials" raping and murdering children
        and was blackmailed by those acts being video recorded. Not
        just the credibility of the claims made by Attorney L. Lin
        Wood regarding the child rape and murder, but also his
        client, source, or sources who had went to Attorney Lin
        Wood with the alleged information of the blackmail scheme.
        The very blackmail scheme regarding "judges" and
        "officials" being videotaped or video recorded, about being
        ordered or directed to rape and murder children while being
        videotaped or video recorded, and then use those "judges"
        and "officials" to become nothing more and nothing less than
        PUPPETS.** .............................................................................15

        **GROUND ii.**
        **The district court erred as a matter of law or abused**

discretion in denying the Appellant's Motion For
Appointment Of Special Master (Document #294) without
even contacting, subpoenaing, or questioning the witness:
"Attorney L. Lin Wood" on his client/source or
clients/sources who had went to him with the information on
the alleged blackmail video recordings which are encrypted
and contain alleged acts of child rape and murder (Document
#290-1, Page 4) concerning "judges" and "officials"
(Document #290-1, Page 5). ...................................................30

GROUND iii.....................................................................................
The district court erred as a matter of law or abused
discretion in denying the Appellant's Motion For
Appointment Of Special Master (Document #294)
while acknowledging in its own Order and its
reasoning that the deciding judge may be affected by
the Appellant's fears regarding the blackmail scheme.
Doing such is a conflict of interest and is refusing to
allow an impartial judge to try the GROUND VII
blackmail scheme claim in the 2255 case. A Special
Master is warranted to have an impartial, independent
officer of the Court over the matter. Special Master is
warranted because the judge in the district court is
acting in conflict of interest in violation of 28 U.S.C. §
455.............................................................................................35

GROUND iv.
The district court erred as a matter of law or abused
discretion in denying the Appellant's Motion For
Appointment Of Special Master (Document #294) by
making a proclaimed or premature factual or assumed
factual finding that Appellant's fears of the judge being
involved in his case may be affected by the blackmail scheme
of child rape and murder alleged by witness: "Attorney L.
Lin Wood" is "delusional" and "frivolous" without ever
holding an evidentiary hearing, without contacting this
'witness', this "attorney from Georgia" to try to confirm or
at least try to verify any of Brian's claims or genuine
concerns to determine if there is cause to conduct further
inquiry and fact finding regarding the blackmail scheme
alleged by Attorney Lin Wood. .......................................40-41

GROUND v.
The district court erred as a matter of law or abused
discretion in denying the Appellant's Motion for Appointed

Counsel To Assist In 2255 Case Motion And Brief/Memorandum Of Law In Support Of Motion under Dkt. #296 when it was appropriate for counsel to be appointed to conduct discovery with the witness: "Attorney L. Lin Wood" from Georgia, conduct further inquiry, and investigate the blackmail scheme claims to determine if the Hon. Thomas David Schroeder, Chief Judge, was in one of the alleged blackmail video files which are encrypted which require a password....................................................................44

**GROUND vi.**
The district court erred as a matter of law or abused discretion in denying the Appellant's Motion for Appointed Counsel under Dkt. #296 when there were other issues regarding discovery other than the blackmail scheme claims which require an officer of the Court for purposes of needing to conduct effective discovery and to fully furnish and establish the facts in all grounds of the 2255 Motion (See Documents #291, #292, for the grounds). ..................................................................44

VI.    CONCLUSION ...........................................................49

PRIOR APPEALS ...............................................................51

VII.    REQUEST FOR ORAL ARGUMENT .......................................52

CERTIFICATE OF COMPLIANCE........................................53

CERTIFICATE OF FILING AND SERVICE...........................54

iv

# TABLE OF AUTHORITIES/CITATIONS

**Page(s)**

## CASES

*Ruiz v. Estelle,*
    503 F. Supp. 1265, 1389 (S.D. Tex. 1980) ....................................28

*Ruiz v. Estelle,*
    503 F. Supp. 1265, 1390 (S.D. Tex. 1980) ....................................28

*U.S. v. Stewart,*
    No. 02 Cr. 395 (JGK), (S.D.N.Y. Jun. 11, 2002) .........................28

*Suh v. Pierce,*
    630 F.3d 685, 691 (7th Cir. 2011)................................................36

*Caperton v. AT. Massey Coal Co., Inc.,*
    ___ U.S. ___, 129 S.Ct. 2252, 2259-61, 173 L.Ed.2d 1208 (2009) ....... 36-37

*Tumey, Ward v. Monroe-ville,*
    409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972).........................37

*Aetna Life Insurance Co. v. Lavoie,*
    475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986)................37

*Caperton v. AT. Massey Coal Co., Inc.,*
    129 S.Ct. at 2261-62...................................................................37

*Murchison and Mayberry v. Pennsylvania,*
    400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971)) ...................37

*Shaw v. U.S.,*
    Case No. 2:11-cv-481-FtM-36SPC, (M.D. Fla. Sep. 9, 2011) .....................37

*Murray v. Scott,*
   253 F.3d 1308, 1310 (11th Cir. 2001) ...........................................37

*Parker v. Connors Steel Co.,*
   855 F.2d 1510, 1524 (11th Cir. 1988) ...........................................37

*U.S. v. Edwards,*
   Case No. 8:03-cr-249-T-24 MSS, (M.D. Fla. Oct. 10, 2006) ......................37

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. VIII .................................................................26, 27

U.S. Const. amend. VI ................................................................1, 7, 8, 9

## STATUTES

28 U.S.C. § 455..........................................................................10, 35, 38

28 U.S.C. § 455(b) ............................................................................37

28 U.S.C. § 1291 ...............................................................................1

28 U.S.C. § 455(a)...........................................................................37

28 U.S.C. § 455(b)(1)........................................................................37

## RULE

Federal Rule of Appellate Procedure 4(b)...................................................1

Middle District of North Carolina Local Civil Rule 7.3 paragraphs (f) and (k) .......8

Federal Rules of Civil Procedure 53(a) ................................................18, 25, 29, 36

## I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

1. Brian David Hill, (the "Appellant") appeals from a final judgment or Order in a case, which such final judgment or Order was filed March 2, 2022, in the United States District Court for the Middle District of North Carolina. The Order of Document #300 denying two motions which they necessarily must be granted for the best interests of justice. The notice of appeal was filed on March 11, 2022. Appeal is authorized pursuant to 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(b), if the Certificate of Appealability is issued by the Fourth Circuit unless that is not necessary. Appellant doesn't just file this informal opening brief for this case but the Appellant also requests that this Court grant a Certificate of Appealability as there are constitutional issues, errors of law, potential conflicts of interest, and errors of fact in the appealed case including a substantial issue for appeal concerning the denial of a constitutional right affecting the wrongful conviction or a debatable procedural ruling. A decision must be made urgently as soon as possible and cannot wait until final disposition of the 2255 Motion. There are very important issues of conflict of interest, blackmail scheme, issues of credibility that have not been successfully attacked by the Government or the Court, and evidence issues which the Final Order did not address. It is necessary for this appeal and must be acted upon to prevent a grave miscarriage of justice involving the fear that judges may be involved as targets in a blackmail scheme of child rape

and murder as alleged by Attorney L. Lin Wood.

2. A Motion to Reconsider (Document #301) with evidence hoping to correct or vacate the erroneous judgment under Document #300 and the Notice of Appeal (Document #303) was filed together. That Notice of Appeal (Document #303) had asked for equitable tolling prior to opening up this appeal. The Appellant had asked to delay or toll this appeal until after the disposition of the Motion to Reconsider, with new evidence addressing the wrongful claims of "delusional" and "frivolous" then Petitioner would have filed an Amended Notice of Appeal to include any modification or vacatur of the final judgment under Document #300. Since this clearly did not happen, Appellant will file a brief prior to the deadline of April 15, 2022 as was ordered in the INFORMAL BRIEFING ORDER, and will file a Motion at a later time asking for consolidation of two appeal cases which will include a Notice of Appeal in the future concerning the disposition on the Motion to Reconsider. After disposition of the Motion to Reconsider the Appellant will file a Notice of Appeal, or if the Government files a Notice of Appeal then Appellant would still file a Motion asking to consolidate both appeals if possible.

## II. <u>STATEMENT OF THE ISSUES</u>

3. Whether the district court erred or abused discretion by denying Appellant's "MOTION FOR APPOINTMENT OF SPECIAL MASTER FOR PROCEEDINGS AND FINDINGS OF FACT OF GROUND VII "...BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER..." Concerning "JUDGES" MOTION AND BRIEF/MEMORANDUM OF LAW IN SUPPORT OF MOTION

by BRIAN DAVID HILL" (Document #294) without further assessing the credibility of the claims made by Attorney L. Lin Wood who had originally made the claims of "judges" and "officials" raping and murdering children and was blackmailed by those acts being video recorded.

4. Whether the district court erred or abused discretion by denying Appellant's "MOTION FOR APPOINTMENT OF SPECIAL MASTER FOR PROCEEDINGS AND FINDINGS OF FACT OF GROUND VII "...BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER..." Concerning "JUDGES" MOTION AND BRIEF/MEMORANDUM OF LAW IN SUPPORT OF MOTION by BRIAN DAVID HILL" (Document #294) without even contacting, subpoenaing, or questioning the witness: "Attorney L. Lin Wood" on his source or sources who had went to him with the alleged blackmail video recordings which are encrypted and contain alleged acts of child rape and murder (Document #290-1, Page 4) concerning "judges" and "officials" (Document #290-1, Page 5).

5. Whether the district court erred or abused discretion by denying Appellant's "MOTION FOR APPOINTMENT OF SPECIAL MASTER FOR PROCEEDINGS AND FINDINGS OF FACT OF GROUND VII "...BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER..." Concerning "JUDGES" MOTION AND BRIEF/MEMORANDUM OF LAW IN SUPPORT OF MOTION by BRIAN DAVID HILL" (Document #294) by making a proclaimed or premature factual or assumed factual finding that Appellant's fears of the

judge being involved in his case may be affected by the blackmail scheme of child rape and murder alleged by witness: "Attorney L. Lin Wood" is labeled entirely as "delusional" and "frivolous" without ever holding an evidentiary hearing, without contacting this 'witness', this "attorney from Georgia" to try to confirm or at least try to verify any of Brian's claims to determine if there is cause to conduct further inquiry and fact finding regarding the blackmail scheme alleged by Attorney Lin Wood and the blackmail scheme fears and suspicions from Appellant.

6. Whether the law should be extended and/or modified to hold that the district court abused its discretion in denying Appellant's Motion For Appointment Of Special Master under Dkt. #294 when showing that the judge may be in conflict of interest by acknowledging that any judge involved in his case "may be affected" by this alleged blackmail scheme by Attorney L. Lin Wood before denying Appellant's motion when the judge had already shown that his impartiality may have reasonably been in question.

7. Whether the district court erred or abused discretion in denying Appellant's Motion for Appointed Counsel To Assist In 2255 Case Motion And Brief/Memorandum Of Law In Support Of Motion under Dkt. #296 when it was appropriate for counsel to be appointed to conduct discovery with the witness: "Attorney L. Lin Wood" from Georgia, conduct further inquiry, and investigate the blackmail scheme claims to determine if the Hon. Thomas David Schroeder, Chief Judge, was in one of the alleged blackmail video files which are

4

encrypted and require a password.

## III. **STATEMENT OF THE CASE**

8. On January 27, 2022, Appellant filed "MOTION FOR APPOINTMENT OF SPECIAL MASTER FOR PROCEEDINGS AND FINDINGS OF FACT OF GROUND VII "...BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER..." Concerning "JUDGES" MOTION AND BRIEF/MEMORANDUM OF LAW IN SUPPORT OF MOTION by BRIAN DAVID HILL. (1:22CV74) (Butler, Carol) Modified on 1/28/2022 to reflect civil case number. (Butler, Carol) (Entered: 01/28/2022)". Listed under Document #294.

9. On January 27, 2022, Appellant filed "MOTION FOR APPOINTED COUNSEL TO ASSIST IN 2255 CASE MOTION AND BRIEF/MEMORANDUM OF LAW IN SUPPORT OF MOTION by BRIAN DAVID HILL. (1:22CV74)(Butler, Carol) Modified on 1/28/2022 to reflect civil case number.(Butler, Carol) (Entered: 01/28/2022)". Listed under Document #296.

10. On March 2, 2022, the U.S. Magistrate Judge Joe L. Webster had entered the following Order (being appealed) under Dkt. 300:

> "*Petitioner in this action submitted a Motion (Docket Entry 291) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court will direct the United States Attorney to file a Response to the Motion.*
> *Petitioner also filed four other motions. The first Motion (Docket Entry 295) seeks the appointment of a special master because an attorney in Georgia stated that unidentified judges somewhere in this country are being blackmailed into raping and murdering children on video recordings and Petitioner fears that judges in this Court, including the ones handling his case, may be affected. The Motion will be denied because Petitioner's statement is delusional and frivolous*

and because Petitioner's request meets none of the requirements for the appointment of a special master. See Fed. R. Civ. P. 53(a).

Petitioner's next Motion (Docket Entry 296) seeks to have venue transferred to the Western District of Virginia because Petitioner was on supervised release residing in that district, any violations of the terms of supervised release occurred in that district, the violations involved breaches of Virginia law, and the Court later transferred jurisdiction of Petitioner's supervised release to that district. Although all of these facts are true, Petitioner's supervision was revoked by this Court and Petitioner seeks to challenge its Judgment (Docket Entry 200) revoking supervision. Venue for a § 2255 motion is proper in the court that issued the challenged judgment. 28 U.S.C. § 2255(a). Petitioner also seeks to have venue transferred based on his delusional blackmail theory which fails for the reasons already noted. No change of venue is appropriate and Petitioner's Motion will be denied. Petitioner next filed a Motion (Docket Entry 296) seeking an appointment of counsel to aide him in pursuing his § 2255 Motion. In considering this request, the Court notes first that there is no constitutional right to appointed counsel in a habeas case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255"). Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Having reviewed Petitioner's request for counsel and the record in this matter, the Court does not find that appointment of counsel is required by the interests of justice or otherwise. Therefore, Petitioner's request for counsel will be denied. Should the Court later determine that discovery or an evidentiary hearing is necessary, or that the interests of justice otherwise require, the Court will appoint counsel at that time.

IT IS THEREFORE ORDERED that the United States Attorney is directed to file a Response to Petitioner's Motion (Docket Entry 291) within sixty (60) days from the date of the entry of this Order.

IT IS FURTHER ORDERED that Petitioner's Motions (Docket Entries 294, 295, 296, and 297) seeking the appointment of a special master, a change of venue, an appointment of counsel, and special filing procedures are denied.
" (CITATION OMITTED)

(Entered: 03/11/2022)". That very appeal is for the very case which this informal opening brief is filed in regards to that very final order and judgment.

13. On March 22, 2022, the appeal was opened up regarding Dkt. #303 NOTICE OF APPEAL under case No. 22-6325.

9

## IV. <u>SUMMARY OF THE ARGUMENT</u>

14. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion For Appointment Of Special Master (Document #294) without further assessing the credibility of the claims made by Attorney L. Lin Wood who had originally made the claims of "judges" and "officials" raping and murdering children and was blackmailed by those acts being video recorded. Not just the credibility of the claims made by Attorney L. Lin Wood regarding the child rape and murder, but also his client, source, or sources who had went to Attorney Lin Wood with the alleged information of the blackmail scheme. The very blackmail scheme regarding "judges" and "officials" being videotaped or video recorded, about being ordered or directed to rape and murder children while being videotaped or video recorded, and then use those "judges" and "officials" become nothing more and nothing less than PUPPETS. Political puppets who do not act independently, who do not act with impartiality, and do not act without bias as required by the U.S. Constitution for criminal cases to be tried under an impartial trier of fact and as required by 28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge. Also the Code of Conduct for United States Judges including the ethical canons of professional conduct which apply to all federal judges of the Federal Judiciary require that all judges act independently and impartial. That they obey the same laws as that required of the citizen. So this appeal is an urgent issue.

15. The district court erred as a matter of law and as a matter of fact or

abused discretion in denying the Appellant's Motion For Appointment Of Special

Master (Document #294) without even contacting, subpoenaing, or questioning the

witness: "Attorney L. Lin Wood" on his source or sources who had went to him

with the alleged blackmail video recordings which are encrypted and contain

alleged acts of child rape and murder (Document #290-1, Page 4) concerning

"judges" and "officials" (Document #290-1, Page 5).

16. The district court erred as a matter of law and as a matter of fact and as a

matter of fact or abused discretion in denying the Appellant's Motion For

Appointment Of Special Master (Document #294) by making a proclaimed or

premature factual or assumed factual finding that Appellant's fears of the judge

being involved in his case may be affected by the blackmail scheme of child rape

and murder alleged by witness: "Attorney L. Lin Wood" is "delusional" and

"frivolous" without ever holding an evidentiary hearing, without contacting this

'witness', this "attorney from Georgia" to try to confirm or at least try to verify any

of Brian's claims to determine if there is cause to conduct further inquiry and fact

finding regarding the blackmail scheme alleged by Attorney Lin Wood.

17. The district court erred as a matter of law and as a matter of fact or

abused discretion in denying the Appellant's Motion for Appointed Counsel To

Assist In 2255 Case Motion And Brief/Memorandum Of Law In Support Of

Motion under Dkt. #296 when it was appropriate for counsel to be appointed to

conduct discovery with the witness: "Attorney L. Lin Wood" from Georgia,

conduct further inquiry, and investigate the blackmail scheme claims to determine

11

if the Hon. Thomas David Schroeder, Chief Judge, was in one of the alleged blackmail video files which are encrypted and require a password.

18. The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's Motion for Appointed Counsel To Assist In 2255 Case Motion And Brief/Memorandum Of Law In Support Of Motion under Dkt. #296 when there were other issues regarding discovery other than the blackmail scheme claims which require an officer of the Court for purposes of needing to conduct effective discovery and to fully furnish and establish the facts in all grounds of the 2255 Motion (See Documents #291, #292, for the grounds).

## V. <u>ARGUMENT</u>

### A.    Standard of Review

19. A district court's decision to deny Appellant's Motion for Appointment of Counsel for effective discovery (Doc. #296) and to fully furnish and establish the Appellant's facts is reviewed for abuse of discretion and errors.

20. A district court's decision to deny Appellant's Motion for Special Master (Doc. #294) to both ask for from the witness, and review over the alleged child rape and murder blackmail videos when Appellant risks violation of his supervised release conditions if he personally reviews over those alleged blackmail videos and to ensure impartiality and preventing any conflict of interest is reviewed for abuse of discretion and errors. Same logic applies to appointment of counsel, counsel is necessary to prevent the Appellant from being at risk of violating his supervised

release condition prohibiting him from reviewing over the alleged blackmail videos as those alleged blackmail videos may be considered child pornography and also considered snuff videos (abuse, murder videos) which are both illegal under Federal Law. Counsel is necessary to research, review, and investigate the blackmail videos without Appellant being placed at risk of violating his supervised release conditions prohibiting any viewing of pornography.

21. The legitimate concerns requiring that the interests of justice is necessary for appointment of counsel and/or the need to appoint a Special Master concerning the alleged blackmail videos, and any other issues in those two Motions are reviewed for clear error. *Id.*

22. One of Appellant's grounds for his two Motions which were denied (Doc. #294, #296) in his 2255 case was "GROUND VII – IT IS NOW POSSIBLE AND PETITIONER SUSPECTS THAT THE ORIGINATING JUDICIAL OFFICER WHO REVOKED THE SUPERVISED RELEASE ON DOCUMENT #200 MAY OR MAY NOT BE A TARGET OF A BLACKMAIL SCHEME INVOLVING CHILD RAPE AND MURDER DUE TO CLAIMS BY ATTORNEY L. LIN WOOD ASSERTING IN PUBLIC STATEMENTS THAT "JUDGES" AND "OFFICIALS" WERE BEING ORDERED TO RAPE AND MURDER CHILDREN ON VIDEO RECORDINGS AND THUS WERE COMPROMISED AND NO LONGER IMPARTIAL TO THE DECISIONS HEY MADE WHILE BEING BLACKMAILED. REGARDLESS OF WHETHER THE BLACKMAIL WAS MATERIAL TO ANY DECISIONS MADE AGAINST BRIAN DAVID

13

HILL, IT WOULD STILL MAKE THE JUDGE PARTIAL AND/OR BIASED AND/OR COMPROMISED. THIS VIOLATES THE U.S. CONSTITUTION'S GUARANTEE THAT THE TRIER OF FACT REMAIN IMPARTIAL DURING THE CRIMINAL PROCEEDINGS OF A CASE". See Document #292, Page 127 through 135.

23. Conversely, this Court reviews questions of law in Section 2255 cases *de novo*, including the interpretation of the statute governing Section 2255 cases and the Constitution of the United States.

**B.**     **Argument**

**GROUND i.**    **The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's Motion For Appointment Of Special Master (Document #294) without further assessing the credibility of the claims made by Attorney L. Lin Wood who had originally made the claims of "judges" and "officials" raping and murdering children and was blackmailed by those acts being video recorded. Not just the credibility of the claims made by Attorney L. Lin Wood regarding the child rape and murder, but also his client, source, or sources who had went to Attorney Lin Wood with the alleged information of the blackmail scheme. The very blackmail scheme regarding "judges" and "officials" being videotaped or video recorded, about being ordered or directed to rape and murder children while being videotaped or video recorded, and then use those "judges" and "officials" to become nothing more and nothing less than PUPPETS.**

24. The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's Motion For Appointment Of Special Master (Document #294) without further assessing the credibility of the claims made by Attorney L. Lin Wood who had originally made the claims of "judges" and "officials" raping and murdering children and was blackmailed by those acts being video recorded. The evidence facts are as follows supporting that the motions should have been granted:

     1.   Document #293-5: EXHIBIT 6; 292 Memorandum;

     2.   Document #293-6: EXHIBIT 7; 292 Memorandum;

     3.   Document #293-7: EXHIBIT 8; 292 Memorandum;

15

4. Document #293-8: EXHIBIT 9; #292 Memorandum;

5. Document #293-9: EXHIBIT 10; #292 Memorandum;

6. Document #293-10: EXHIBIT 11; #292 Memorandum;

7. Document #293-11: EXHIBIT 12; #292 Memorandum;

8. Document #293-12: EXHIBIT 13; #292 Memorandum;

9. Document #293-13: EXHIBIT 14; #292 Memorandum;

10. Document #293-23: EXHIBIT 24; #292 Memorandum;

11. Document #299; MEMORANDUM entitled "Additional Evidence
    Memorandum in Support of the (Doc. #291) Petitioner's Motion to
    Vacate, Set Aside, or Correct a Sentence by a Person in Federal
    Custody. Motion under 28 U.S.C. ɛɴ 2255 filed by Brian David Hill;
    in support of Document #294: "Motion for Appointment of Special
    Master for Proceedings and Findings of Fact of Ground
    VII"...Blackmail scheme involving child rape and murder..."
    Concerning "Judges" Motion and Brief/Memorandum of Law in
    support of motion by Brian David Hill; and in support of Document
    #296: Motion for Appointed Counsel to Assist in 2255 case motion"
    filed by BRIAN DAVID HILL re 291 Motion to Vacate/Set
    Aside/Correct Sentence;

12. Referenced in Motion for Special Master within Document #294,
    Page 5 through 8 of 19 (Citation: "…He practices in a lot of Courts

16

and makes him credible for the purposes of investigating his claims. See Exhibits 6 through 14…");

13. Referenced in the 2255 Brief/Memorandum within Document #292, Page 127 through 135;

25. The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's Motion for Appointment Of Special Master (Document #294) without further assessing the credibility of the claims made by Attorney L. Lin Wood. First of all he is a licensed attorney. His contact information was correctly supplied to the Court as a witness and arbitrator of the alleged blackmail videos of his source/sources/client/clients in the 2255 Brief/Memorandum (Document #292, Page 132-133). Unless the U.S. Government through the U.S. Attorney has proven that Attorney Lin Wood's "blackmail scheme" claims are fraudulent, defamatory, and are proven to be untrue beyond a reasonable doubt, the claims are subject to discovery, effective discovery, research, investigation, and review. All for the best interest of justice here.

26. The district court had erred or abused discretion because they had refused to assess the credibility of the blackmail scheme by simply establishing an erroneous conclusion that Appellant's claims, evidence, witness, exhibits, and fears are entirely "delusional" and "frivolous". See page 1 of 3 of that Document #300 Order.

27. The district court had erred or abused discretion in saying in its reasoning that: "*The Motion will be denied because Petitioner's statement is delusional and*

17

*frivolous and because Petitioner's request meets none of the requirements for the appointment of a special master. See Fed. R. Civ. P. 53(a).*"

28. Second of All, the Appellee/Respondent did not prove to any extent of any evidence, even if the case is viewed in light favorable towards the Government, that the witness: Attorney L. Lin Wood was ever delusional and frivolous. The Government did not prove any of that. The district court heard no evidence as to whether Attorney L. Lin Wood was delusional and frivolous. The district court has no evidence and no material evidence to prove whether Attorney L. Lin Wood was delusional and frivolous regarding the alleged blackmail scheme. These claims did not originate from Appellant. Appellant was concerned about the Lin Wood claims of "judges" and "officials" being blackmailed with child rape and murder. The Government never filed any response to those motions. Even if the Government was ordered to respond to the Document #294 and #296 motions, the Government will not be able to produce any evidence proving that the witness Attorney L. Lin Wood was delusional and frivolous. If they ever did then the district court should allow Attorney Lin Wood to respond to the evidence and have a right to respond.

29. The district court came to its own factual conclusion before even a response from the Respondent/Appellee in the 2255 case. Its own factual conclusion which is erroneous because Attorney Lin Wood is not delusional. It is not delusional to suspect that former Chief Judge William Lindsey Osteen Junior and Chief Judge Thomas David Schroeder may or may not be in one of the alleged encrypted blackmail scheme videos when Attorney Lin Wood claimed that "judges" and

18

"officials" may have been affected in the recent elections (Document #290-1, Page 11 of 16) concerning his or other's inability to win any of the election fraud cases concerning President Donald John Trump prior to illegitimate President Joseph Biden becoming the illegal President in 2021. Lin Wood has never been criminally set up with child porn like Appellant has (Document #169). Lin Wood has never been made into a criminal defendant and was forced against his will to falsely plead guilty and have every motion of his denied when being forced to fight pro se due to ineffective counsel. However, Lin Wood had suspected: "***Many issues in our world may be tied to blackmail scheme I described tonight***, including ***bizarre behavior of officials & judges*** in recent election." He focused only on the judges in the election fraud cases. However he did not rule out that "judges" and "officials" in any federal, state, or local court may also be blackmailed with child rape and murder. According to Lin Wood, the videos exist, they can be reviewed if his source or sources agree to such request, if the district court would simply subpoena Lin Wood or depose Lin Wood or order that his witness be given special protective measures of being allowed his/her identity to be sealed or kept confidential with a valid deposition request. His client or clients can be protected to prevent them from ending up dead or committing suicide like Jeffrey Epstein in Federal Prison. Instead of asking Lin Wood about any of these issues, they decide to mislabel the entire issue as "delusional" and "frivolous".

30. Appellant had made it clear that the Motion for Special Master does specify sufficient reasons for warranting a Special Master. Like one threatening

email which Attorney Susan Basko had received in 2015, with nasty child

pornography frame up threats, reported to the U.S. Federal Bureau of Investigation

(FBI), and it had stated or insinuated in their own words that they may know or can

influence Judge William Lindsey Osteen Junior who was Chief Judge at the time.

The threat stated or insinuated that they would make sure he was the presiding judge

to wrongfully convict the Appellant after trying to set him up with child porn again

to get him another child pornography charge in 2015. See the threatening email

printout for yourself and see why Brian David Hill is not delusional for suspecting

that former Chief Judge William Lindsey Osteen Junior and Chief Judge Thomas

David Schroeder could possibly be blackmailed with child rape and murder. A

threatening email regarding child pornography framing and setting up Brian David

Hill again, and then Susan Basko being threatened who was also a licensed attorney,

and said that they would somehow plant a particular Federal Judge to be assigned to

his case to ensure that Appellant was convicted and set up with child pornography,

twice.

31. Citation of threatening email under **Exhibit 24** ("Exhibit 24") (Doc. #293-

23) in Appellant's 2255 case supporting why Appellant suspects blackmail (citation

reformatted):

  "WE...............PLACED................CHILD....................PORN.............
.........THE...............HARD...............DRIVE...................WHICH...............
WAS.................GIVEN...............TO.................BRIAN...............DAVID......
..........HILL....................SO................WE.............HAVE.............BRIAN......
........ON............POSSESSION..................AGAIN.............AND............HIS.
....................FUCKASS.............ATTORNEY................ON.............DISTRI
BUTION................BRIAN..........WILL.............GO...........DOWN.............
HE.............WILL...........BE..........IN................PRISON.............FOR...........

20

...LIFE............ALONG...............WITH.....................HIS...............APPEAL
.................ATTORNEY...................SO......

.........YOU.........HAVE................TWO..............OPTIONS

OPTION..............ONE................YOU...........TELL.............BRI
AN.............HE..........BETTER.....................DROP...............HIS...........
..APPEAL............OTHERWISE............WE.............CALL.............T
HE.................FBI............AND................TELL...........THEM.................
WHAT................CJHILD.................PORN...........WAS................ON
.............THE..............HARD...............DRIVE...............HE................RE
CEIVED.................

(Citation omitted)

REPORT...............THIS.............TO...............FBI.............AND
...............WE.................WILL.................REPORT....
.............YOU.....................BRIAN............HIS.......................ATTORNE
Y..............AND.............HIS..........FAMILY...............AND.............TEL
L..........THE..............FBI...........THEY...........LIKE...........TO.............
MASTURBATE................AS...........A...........FAMILY..........TO..........
..CHILD...........PORN..........FLICKS................WE...........HAV
E..........EVIDENCE...........TO........GET.......ANOTHER..........CO
NVICTION............ON..........BRIAN..........HILL................YOU.....
.............CANT.....................PROVE.........ANYTHING..........WITH.........
.EMAILS..............WHICH.............CAN...........DISAPPEAR...................A
FTER..............YOU...........READ.............EM..........OR...........WE.........
...NOBODY..........WILL..........EVER...........BELIEVE..............YOU.........
.....BITCH...............WE.................KNOW..........CHILD............PORN.
.............GOT...........INTO..........BRIANS..............POSSESSION.........
.....LAST............WEEK...........**WE............WILL.............SEND.**
**.....MORE**...........THEN...........HE...............WILL...........TECHNI
CALLY.............BE...........GUILTY.............AGAIN................**JUDGE.....**
**.........OSTEEN.............WILL...............CONVICT.............HIM**...............
.....**AGAIN.............AS............WE.........WILL..........MAKE**...........
**..SURE.............OSTEEN...........IS.................PROCIDING...........JUDG**
**E**...............OVER.........BRIANS.............NEW...............INDICTMENT.
**MORE..............CHILD...............PORN...........IS...........COMING.........**
**..THEN...............MORE.................CHARGES..........WILL..........BE......**
**.......BROUGHT**...........BITCH"

32. Again, Citation of that threatening email, says, and I am citing with a more cleaner citation without the excessive periods from the original threatening email filing so that the Court understands what Appellant had filed and why he suspects

21

that the judges are being blackmailed here in this case: "…JUDGE OSTEEN WILL CONVICT HIM AGAIN AS **WE WILL MAKE SURE OSTEEN IS PROCIDING JUDGE** OVER BRIANS NEW INDICTMENT…" (citation excessive periods removed) and that was correctly cited in his 2255 Brief/Memorandum (Document #292, Pages 136 through 139)(referencing Exhibit 24 in Document # 293-23, all pages) which was also properly cited in his Motion for Special Master (Document #294, Page 7, Page 6, Page 5)(referencing Brief/Memorandum Document #292, Page 126 through 147) and Appointment of Counsel (Document #296, Page 5, Pages 15 through 19)(referencing Brief/Memorandum Document #292, Page 126 through 147). It said "we will make sure Osteen is" the presiding judge over the case. The spelling may be terrible as was the dirty language in this threatening email but the words make it clear. That threatening email sender knew exactly what happened to Brian D. Hill and said that they would make sure that a specific Chief Judge would be over Brian's case again after being framed with child pornography again as so it had claimed. This email alone from 2015 prior to the Attorney Lin Wood claims in 2021, would make it reasonable and not delusional to suspect the judges involved in his case may be affected. It is also interesting that Document #71-2, Pages 21 and 22 regarding the same threatening email of Exhibit 24 was filed on April 3, 2015. Then later on Jun 8, 2015, Judge Osteen removed himself from the case permanently recusing himself. See docket entry Jun 8, 2015: ("*Case as to BRIAN DAVID HILL Reassigned to JUDGE THOMAS D. SCHROEDER. CHIEF JUDGE WILLIAM L. OSTEEN JR. no*

22

*longer assigned to the case. (Powell, Gloria) Case Reassigned*"). If he was already aware of the threatening email filed under Doc. #71-2 in addition to Appellant feeling so scared of Judge Osteen due to that threatening email that he pushed for his recusal in a written letter (Document #105, LETTER by BRIAN DAVID HILL {Entitled "Opinion on Judge Osteen"}). I am sure when Appellant had said: "…Because the Judge doesn't want me to prove my innocence…" (CITATIONS OMITTED), "…*I don't want Osteen in my case anymore. Osteen and Kristy Burton both scare me.*" that came directly out of the fears which were triggered by Document #71-2, Pages 21 and 22 regarding the same threatening email of Exhibit 24. It is clear that there is evidence Appellant was fearful of Judge Osteen after receiving a printout of that threatening email directed at both Appellant and Attorney Susan Basko. It is clear that for Judge Osteen to recuse himself meant something was wrong here and that was known in this case years prior to Appellant ever claiming of fear of blackmail scheme concerning child rape and murder as alleged by Attorney Lin Wood.

33. The district court did not have the factual evidence and factual reasoning to prove the filed evidence and references beyond reason that Appellant is just simply delusional and was only being frivolous with GROUND VII blackmail.

34. The district court erred as a matter of fact, erred as a matter of law, and erred in predetermining that Appellant was being "delusional" and "frivolous" as said in the Document #300 Order, first page. The evidence was properly cited, enough evidence was presented to justify that the Motion for a Special Master must

23

be granted or at least considered on its merits.

35. The district court claimed: "…*The first Motion (Docket Entry 295) seeks the appointment of a special master because an attorney in Georgia stated that unidentified judges somewhere in this country are being blackmailed into raping and murdering children on video recordings*…" and that was erroneous. They were not being "blackmailed into raping and murdering children" on video recordings as the district court mistakenly said. They were being blackmailed after being ordered to rape and murder children on video recordings. Appellant never said that they were already blackmailed into the raping and murdering of children. Appellant had stated that Attorney L. Lin Wood who had once represented Donald John Trump had said that "judges" and "officials" (Doc. #290-1, Pg. 5) were being blackmailed with raping and murdering children. The district court made it sound as if the claim said they were already being blackmailed into raping and murdering children. It is a clerical mistake which have a severe consequence of a fact not being represented correctly within the record of the district court. The fact is not being represented correctly. It is an error in that sentence.

36. The district court also said "…*because an attorney in Georgia stated that unidentified judges somewhere in this country*…" to make it sound like this attorney is insignificant and may not be credible the way it sounds or was worded. That statement is erroneous as a matter of fact because it is not just "an attorney in Georgia". This attorney has practiced in the Federal Courts in Georgia, in the U.S. Court of Appeals for the Eleventh Circuit over those districts, and has practiced in

24

the U.S. Supreme Court. He has never been disbarred and never been disciplined as far as the public state bar record is concerned as far as the when the Document #300 order was entered. He is not insignificant if this Court is aware of any cases which was appealed having Attorney Lin Wood as an involved party or attorney even if under pro hac vice.

37. The district court claimed: "…*and Petitioner fears that judges in this Court, including the ones handling his case, may be affected. The Motion will be denied because Petitioner's statement is delusional and frivolous and because Petitioner's request meets none of the requirements for the appointment of a special master. See Fed. R. Civ. P. 53(a)*." Again, Appellant has every right to fear that the judges involved in handling his case/cases may be affected. It is not delusional because under Exhibit 24, as stated above, the person who sent Attorney Susan Basko a threatening email had made nasty language remarks and cuss words saying they will plant child pornography again as before and would make sure that Judge Osteen, the former Chief Judge, would be the presiding judge over his criminal case. To make sure that Brian David Hill would be indicted and convicted again of child porn back in 2015 after the plot to set him up again. The remarks make it sound like the judge will be fixed against Appellant, and that email was not originally produced by the Appellant Brian David Hill, but was originally produced as evidence from Attorney Susan Basko who had forwarded this threatening email to Brian's mother Roberta Hill, to Brian's appellate attorney Mark Jones (mjones@belldavispitt.com), to the U.S. FBI, to Brian's grandparents Stella and Kenneth Forinash (Ken & Stella

25

<kenstella2007@yahoo.com>) and was forwarded to U.S. Probation Officer Kristy

L. Burton (kristy_burton@vawp.uscourts.gov) who was Brian's Probation Officer

at the time. So it was reported to two Federal Law Enforcement Officers/Agencies.

It said that: "**WE WILL MAKE SURE OSTEEN IS PROCIDING JUDGE**" and

that statement right there is obvious. Child rape and child murder is part of the

Pedophile Rings which produce child pornography, snuff films of children being

murdered and abused, and the ones who sent the threatening email involving child

pornography said that they will make sure Osteen is "prociding judge". Preceding

Judge referring to former Chief Judge William Lindsey Osteen Junior of the Middle

District of North Carolina. Who else would they be talking about? With such a scary

and heinous threatening email of that nature involving child sexual abuse itself,

Brian David Hill is not delusional at the least for suspecting or even fearing that

"*judges in this Court, including the ones handling his case, may be affected.*"

38. If any of the judges involved in his case may be affected by blackmail,

then this converts the Federal Judges into PUPPETS, political puppets which do not

act independently and do not act within the confines of the Code of Conduct for

United States Judges. Every decision made by a puppet Federal Judge not acting

independent or impartial is unlawful, illegal, and has no legal bearing and has no

legal authority under the Constitution or under the laws of the land. Political puppets

which do not act independently, do not act with impartiality, and with bias which

violates what is required of judges by the U.S. Constitution for criminal cases and

civil cases to be tried under an impartial trier of fact as required by 28 U.S. Code §

455 - Disqualification of justice, judge, or magistrate judge. The Code of Conduct for U.S. Judges including the ethical canons of professional conduct which apply to all federal judges of the Federal Judiciary require that all judges act independently and impartial. That they obey the same laws as that required of the citizen. So this appeal ground is an urgent issue.

39. Lin Wood is credible. Appellant made sure to show proof of the credibility of his claims by filing an additional memorandum under Document #299. See Document #299, and specifically Page 3 of 7. He said to the public:

> Citation of Page 3, Dkt. #299:
> "Lin Wood @LLinWood: I would never make an accusation without having reliable source for it. Stakes are too high. So I did due diligence to validate the accuracy of the shocking information I am revealing tonight. I am entirely comfortable that you are learning the truth. A truth that explains much."

40. Why the district court would label all of the claims of this attorney as delusional and frivolous is beyond me. Just because Appellant is repeating mostly what this attorney had already claimed and the judge had labeled Appellant's claims entirely as delusional and frivolous as if Attorney Lin Wood is delusional and frivolous without ever any proof. The district court erroneously is labeling Brian David Hill, Attorney Lin Wood, and Isaac Kappy as all delusional and frivolous without ever at least attempting to figure out the credibility of Lin Wood as an officer of the Court of different federal districts. It is erroneous for the district court to batch label all evidence, Exhibits, legitimate fears, credibility of Attorney Lin Wood, and past evidence as delusional.

27

41. Appointment of Special Master is necessary for reviewing over the alleged blackmail videos who can devote full energies to that task, report findings in writing since the blackmail videos cannot be shown to the public without violating Federal child pornography law, and make recommendations to the court as to the findings by the Special Master. That is the case law. Ruiz v. Estelle, 503 F. Supp. 1265, 1389 (S.D. Tex. 1980) ("appointment of one or more special masters, who can devote full energies to that task, report findings, and make recommendations to the court, is imperative, if the comprehensive relief to which plaintiffs are entitled is to be achieved in an efficient and timely manner."). Ruiz v. Estelle, 503 F. Supp. 1265, 1390 (S.D. Tex. 1980) ("A review of several analyses of the execution of court-ordered remedies in institutional reform cases reveals that, for a special master to be most effective, his duties, powers, and responsibilities must be clearly delineated and understood by all the parties. To minimize misunderstandings which can hamper a special master's success, it is important that the parties contribute their respective suggestions relative to the definition of the special master's special functions."). U.S. v. Stewart, No. 02 Cr. 395 (JGK), (S.D.N.Y. Jun. 11, 2002) ("The defendant was arraigned on April 9, 2002, and, at her arraignment, requested that the Court appoint a neutral Special Master to review the materials seized from her law suite for privilege and responsiveness, rather than allowing the government to perform this review in the first instance.")

## CONCLUSION FOR FIRST APPEAL GROUND

42. The district court did in fact erred as a matter of law and as a matter of fact

or abused discretion in denying the Appellant's Motion for Appointment Of Special Master (Document #294) because the district court had a lot of clear and convincing evidence. Even a copy of Exhibit 24, of that very threatening email was forwarded to the lawyer over Appellant's appeal, appellate attorney Mark A. Jones as listed in the docket sheet as being appointed by this Appellate Court in 2015 (See appellate case no. #15-4057), and a copy of that email was sent to Kristy L. Burton who is an officer of the Federal Court, and a Probation Officer is an Officer of the Judiciary. The FBI got a copy of this threatening email which was reported to them by Attorney Susan Basko. It did in fact say the email sender would make sure that Judge William Lindsey Osteen Junior would be assigned to the case as the "prociding judge" misspelled so likely meaning preceding judge over Brian's criminal case. There is enough evidence to make Brian David Hill "*fears that judges in this Court, including the ones handling his case, may be affected.*" It is not delusional and it is not frivolous. If a judge is mentioned in a sex crime frame up threatening email, that they actually know this judge or insinuate that they will somehow make this judge do what that person or group had wanted. Suspecting Blackmail is a good reason to suspect that a particular person or group can make or force a Federal Judge to do anything as a puppet. Attorney Susan Basko is credible, Attorney L. Lin Wood is credible. The threatening email was reported to the proper authorities according to Exhibit 24. Was properly cited in the Motion requesting a Special Master. It does in FACT meets at least one of the requirements for the appointment of a special master. See Fed. R. Civ. P. 53(a). If judges including the Chief Judge can be possibly

threatened or made to do anything against his will, as alleged in Exhibit 24, maybe by usage of child rape and murder blackmail videos? It is clear that it is not delusional to suspect blackmail of any judges involved in his criminal case due to Appellant being the subject to and victim of a threatening email campaign directed to harm or target the Appellant Brian David Hill, being done by an unknown assailant against Appellant. That threatening email was brought up in the record of the district court years ago (Document #71-2, Page 21 through 22). It is clear that Appellant has sufficient reasonable suspicion to fear that "*that judges in this Court, including the ones handling his case, may be affected.*" If the videos do ever reveal Judge Osteen as being one of the possibly blackmailed, then this validates the claims made in Exhibit 24. If Thomas David Schroeder was ever one of the possibly blackmailed, then this makes every decision which was ever favorable to the Appellee/Respondent as fraudulent based and erroneous based upon a partial judge being blackmailed. Every decision impacted by the blackmail scheme would be fraud on the court and must be vacated, null and void, excess of jurisdiction or lack of jurisdiction. Therefore it is clear that the Motion under Document #294 never should have been denied. Error of fact, error of law. An abuse of discretion.

> **GROUND ii. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion For Appointment Of Special Master (Document #294) without even contacting, subpoenaing, or questioning the witness: "Attorney L. Lin Wood" on his client/source or clients/sources who had went to him with the information on the alleged blackmail video recordings which are encrypted and contain alleged acts of child rape and murder (Document #290-1, Page 4) concerning "judges" and "officials" (Document #290-1, Page 5).**

43. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion For Appointment Of Special Master (Document #294) without even contacting, subpoenaing, or questioning the witness: "Attorney L. Lin Wood" on his client/source or clients/sources who had went to him with the information on the alleged blackmail video recordings which are encrypted and contain alleged acts of child rape and murder (Document #290-1, Page 4) concerning "judges" and "officials" (Document #290-1, Page 5). It is already describing a criminal act, a criminal activity to even talk about children being raped by any judges and officials. That alone should warrant investigation and subpoenaing the witness. Introducing those claims made by an exceptional highly skilled and not disbarred attorney for over 40 years does warrant that this attorney should be given an order for Attorney Lin Wood's response, interrogatories, deposition, or even for him to testify under oath at an evidentiary hearing.

44. There is nothing in the record of the foregoing appealed case showing any attempt by the district court to contact, to subpoena, or to question the witness Attorney Lin Wood or to provide any documents or evidence in his possession. No attempt to simply ask this attorney any questions or conduct any inquiry prior to making an erroneous factual claim that Appellant's fears and suspicions are just simply "delusional" and "frivolous" despite the Exhibit 24 (Doc. #293-23) threatening email mentioning Judge Osteen by name and said that he would be directed to ruin Brian David Hill after the assailant's attempt to frame Brian David Hill with child pornography again as the threatening email had alleged, which was

31

reported to both the FBI and U.S. Probation Office in 2015.

45. It is the district court's duty as an officer of the court to contact the witness when the proffered witness by the Appellant happens to be an officer of a Federal Court within a different district. Alleged evidence or claims by Attorney L. Lin Wood goes as far as Chief Justice of the Supreme Court of the United States ("SCOTUS"). That would be John Roberts, the Chief Justice. Another good reason why Appellant may suspect and fear that former Chief Judge William Lindsey Osteen Junior and Chief Judge Thomas David Schroeder. Because Lin Wood did not claim all justices of the Supreme Court are being blackmailed here but only made references specifying the named individual Chief Justice "John Roberts" (Document 293-8, Page 2 of 2) as Lin Wood's belief that John Roberts was a target of the child rape and murder blackmail scheme involving "judges" and "officials". Don't take my word for it, he said it on his own Twitter archived by family and can be authenticated by the Court through the Wayback Machine (Document #292, Page 132). It can be authenticated and verified. Attorney Lin Wood believed at that time that Chief Justice John Roberts of the Supreme Court was one of the blackmailed individuals in those videos. Since not all justices are named as suspects, only "John Roberts" as the highest position of the U.S. Supreme Court, it is no delusion to suspect that of former Chief Judge William Lindsey Osteen Junior and Chief Judge Thomas David Schroeder. However, the videos have to be reviewed by a judge not under the employment of the U.S. District Court and that would have to be a Special Master since they would be more independent than even a Magistrate Judge who is

32

employed by the very same Court paying him for his career working under the very same Chief Judge that Appellant fears "*may be affected*" by this alleged blackmail scheme. The Chief Judge of a Court is the highest position and has the most responsibilities and the most power than the other judges of a Court. Attorney Lin Wood named "John Roberts" as the Chief Justice of the SCOTUS and allegedly named him as being a target of the alleged blackmail scheme. Appellant is suspecting or fearing that the Chief Judge in the Middle District of North Carolina in his case "may be affected". Now that would not be delusional with every inference and suspicion to warrant such fears.

46. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, paragraphs 24-41 of this INFORMAL OPENING BRIEF, pages 15 through 28 of this INFORMAL OPENING BRIEF. This also references about Judge Osteen being mentioned in the threatening email directed at Appellant and Attorney Susan Basko and such nature of the threatening email is the threat to set up Appellant with child porn, again. No wonder why Appellant feels strongly about Judge Osteen and Judge Schroeder "…*may be affected*" by the blackmail scheme of child rape and murder.

## CONCLUSION FOR SECOND APPEAL GROUND

47. The district court did in fact erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's Motion for Appointment Of Special Master (Document #294) because the district court made a factual determination without ever contacting any of the witnesses who have this alleged blackmail videos.

Never was contacted, never was subpoenaed, and was never notified about Appellant's mirroring of Attorney Lin Wood's own claims with Appellant's own fears and suspicions added to the original Lin Wood statements, as Appellant fears the "*judges in this Court, including the ones handling his case, may be affected.*". Again See Exhibit 24 (Doc. #293-23). The threatening email which made Appellant fear the presiding judge and the Lin Wood claims had only added to Appellant's original fears in 2015 which led to him asking Judge Osteen to leave his case in 2015 (Document #105, LETTER by BRIAN DAVID HILL {Entitled "Opinion on Judge Osteen"}). He did recuse himself because of that letter and maybe also because of Appellant filing Document #71-2, Pages 21 and 22, prior to that letter. Appellant had feared Judge Osteen after that threatening email because of the power asserted in that particular email and demands of a criminal nature asserted in that email. It is clear that Appellant is not delusional for his fears and suspicions because of the past evidence already on the record in the foregoing case. If somebody has the power to influence a Judge to wrongfully convict Appellant, threatens that they can do such in an email to an attorney threatening the attorney to shut up and threatening Appellant to shut up and not fight anymore, they may have the power of unlawful influence over Federal Judges involved in Brian's criminal case. The fear of blackmail or any partiality from the Federal Court system is very real and there is enough tangible evidence to not simply infer that Appellant is just simply "delusional" and "frivolous" and that is it. The district court erred as both a matter of law and as a matter of fact. The district court did not contact, subpoena, or even

34

sent interrogatories or deposition to this witness. They refuse to investigate and refuse to contact the witness and ask that witness questions under oath and then make the determination of "delusional" and "frivolous". That is an error. It is erroneous and an abuse of discretion.

> **GROUND iii. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion For Appointment Of Special Master (Document #294) while acknowledging in its own Order and its reasoning that the deciding judge may be affected by the Appellant's fears regarding the blackmail scheme. Doing such is a conflict of interest and is refusing to allow an impartial judge to try the GROUND VII blackmail scheme claim in the 2255 case. A Special Master is warranted to have an impartial, independent officer of the Court over the matter. Special Master is warranted because the judge in the district court is acting in conflict of interest in violation of 28 U.S.C. § 455.**

48. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion for Appointment Of Special Master (Document #294) while acknowledging in its own Order and its reasoning that the deciding judge may be affected by the Appellant's fears regarding the blackmail scheme. Doing such is a conflict of interest and is refusing to allow an impartial judge to try the GROUND VII blackmail scheme claim in the 2255 case. A Special Master is warranted to have an impartial, independent officer of the Court over the matter. See 28 U.S.C. § 455 ("(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

49. Partial citation of U.S. Magistrate Judge's Order in Dkt. 300:

> *"Petitioner also filed four other motions. The first Motion (Docket Entry 295) seeks the appointment of a special master because an attorney in Georgia*

35

*stated that unidentified judges somewhere in this country are being blackmailed into raping and murdering children on video recordings and **Petitioner fears that judges in this Court, including the ones handling his case, may be affected.** The Motion will be denied because Petitioner's statement is delusional and frivolous and because Petitioner's request meets none of the requirements for the appointment of a special master. See Fed. R. Civ. P. 53(a).*
*" (CITATION OMITTED)*

50. It isn't me saying this, the U.S. Magistrate Judge insinuated in his own Order that he "may be affected" by this alleged blackmail scheme alleged by Appellant as he had been involved in Appellant's case in the first 2255 Motion case (Document #210: "ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE signed by MAG/JUDGE JOE L. WEBSTER on 10/21/2019"). The same judge involved in the decision being appealed in this very case for his judgment/order under Document #300. He did say: "…***including the ones handling his case, may be affected.***" So he is acknowledging that Appellant fears that the judges involved in his case may be affected. That very statement on its face is saying that even the Magistrate Judge who entered that erroneous order may be affected and thus he would be acting in conflict of interest by making the decision to deny that motion.

51. See Suh v. Pierce, 630 F.3d 685, 691 (7th Cir. 2011) ("In addition, the Supreme Court has identified certain, specific instances requiring recusal. One is "where a judge had a financial interest in the outcome of a case, although the interest was less than what would have been considered personal or direct at common law." Caperton v. AT. Massey Coal Co., Inc., ___ U.S. ___, 129 S.Ct. 2252, 2259-61, 173

36

L.Ed.2d 1208 (2009) (citing Tumey, Ward v. Monroe-ville, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), and Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986)). Another is "where a judge had no pecuniary interest in the case but was challenged because of a conflict arising from his participation in an earlier proceeding." Caperton, 129 S.Ct. at 2261-62 (citing Murchison and Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971)).") Shaw v. U.S., Case No. 2:11-cv-481-FtM-36SPC, (M.D. Fla. Sep. 9, 2011) ("Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Any doubt "must be resolved in favor of recusal." See Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case. Id. at 1310-11. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988)."); U.S. v. Edwards, Case No. 8:03-cr-249-T-24 MSS, (M.D. Fla. Oct. 10, 2006) ("Disqualification under § 455(b) is mandatory because the potential for conflicts of interest are readily apparent. To disqualify a judge under § 455(a) and (b)(1), the bias must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties. [A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.").

37

52. The viewpoint of "delusional" and "frivolous" is coming from a judge who was involved in Appellant's past case of his first 2255 motion. Those viewpoints can come from a judge who acknowledges Appellant's fears "***including the ones handling his case, may be affected.***" So even that statement alone is showing the conflict warranting a Special Master. There is a conflict because the ones accused of this particular alleged blackmail scheme by Attorney Lin Wood and the fears surrounding it such as Exhibit 24 (Doc. #293-23) threatening email with a claim of former Chief Judge Osteen to be fixed against Appellant to have him set up and wrongfully convicted twice as that threatening email had claimed. This threatening email was produced as evidence long before in the district court record prior to the claims made by Attorney Lin Wood (Document #71-2, Page 21 through 22).

53. Special Master is warranted because the judge in the district court is acting in conflict of interest in violation of 28 U.S.C. § 455. He may sound like he had good intentions while claiming that Appellant is delusional and frivolous, but that judge is acting in conflict of interest because if he is acknowledging that "…*Petitioner fears that judges in this Court**, including the ones handling his case**, may be affected*" then Special Master would alleviate those concerns. The stakes are too high as Attorney Lin Wood had said (See Document #299, Page 3 of 7). This Magistrate Judge is acting in conflict of interest because they are all employed to work for the Article III Judges which would include Chief Judge Thomas David Schroeder. Any decisions such as investigating possible blackmail may cause career

38

issues for any of the Magistrates. That is why a Special Master is warranted for claims such as "Blackmail" and fears of "blackmail".

54. Historically and legally, in the U.S. District Courts, Magistrate Judges are judges appointed to assist district court judges in the performance of their duties. Is not a permanent position. Magistrate judges generally oversee first appearances of criminal defendants, set bail, and conduct other administrative duties. Unlike U.S. district judges, who are nominated by the President and confirmed by the U.S. Senate for lifetime tenure, magistrate judges are appointed by a majority vote of the federal district judges of a particular district and serve terms of eight years if full-time, or four years if part-time, and may be reappointed. **Federal district court judges can remove federal magistrate court judges for misconduct**. So if the Magistrate had granted the Appellant's Motion for Special Master (Doc. #294) or Appellant's Motion for Appointment of Counsel (Doc. #296), then the Chief Judge could decide to retaliate by pushing for the removal of Magistrate Judge Joe L. Webster from office and ruin his chances to be hired in any other judiciary. If the Chief Judge is ever in any of the blackmail videos, there is such a conflict of interest that Special Master is warranted regardless of whether the blackmail can be proven before fully developing the proof by reviewing over the blackmail videos of child rape and murder.

55. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, paragraphs 24-41 of this INFORMAL OPENING BRIEF, pages 15 through 28 of this INFORMAL OPENING BRIEF. This also references

about Judge Osteen being mentioned in the threatening email directed at Appellant and Attorney Susan Basko and such nature of the threatening email is the threat to set up Appellant with child porn, again. So no wonder why Appellant feels strongly about Judge Osteen and Judge Schroeder "...*may be affected*" by the blackmail scheme of child rape and murder.

## CONCLUSION FOR THIRD APPEAL GROUND

56. There clearly exists a conflict. The possible retaliation against a Magistrate by the Chief Judge if theoretically the judge is involved in this somehow. If he is in one of the blackmail videos then the risk of retaliation is too great if the motions aren't simply dismissed and swept under the rug. There clearly needs to be a Special Master in this case. Document #294 Motion had made enough good reasons why a Special Master is warranted. Blackmail videos need to be reviewed and a special report must be made because the videos themselves are of "child rape" and "murder". They cannot be released to the public but the Special Master can review over them and write a report and recommendation for that GROUND VII and make his/her factual findings of what was reviewed of the alleged blackmail videos. A conflict of interest does exist and requires a Special Master here.

> **GROUND iv. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion For Appointment Of Special Master (Document #294) by making a proclaimed or premature factual or assumed factual finding that Appellant's fears of the judge being involved in his case may be affected by the blackmail scheme of child rape and murder alleged by witness: "Attorney L. Lin Wood" is "delusional" and "frivolous" without ever holding an evidentiary hearing, without contacting this 'witness', this "attorney from Georgia" to try to confirm or at least try to verify any of Brian's claims or genuine concerns to**

40

**determine if there is cause to conduct further inquiry and fact finding regarding the blackmail scheme alleged by Attorney Lin Wood.**

57. The district court erred as a matter of law and as a matter of fact or abused discretion in denying the Appellant's Motion For Appointment Of Special Master (Document #294) by making a proclaimed or premature factual or assumed factual finding that Appellant's fears of the judge being involved in his case may be affected by the blackmail scheme of child rape and murder alleged by witness: "Attorney L. Lin Wood" is "delusional" and "frivolous" without ever holding an evidentiary hearing, without contacting this 'witness', this "attorney from Georgia" to try to confirm or at least try to verify any of Brian's claims or genuine concerns to determine if there is cause to conduct further inquiry and fact finding regarding the blackmail scheme alleged by Attorney Lin Wood.

58. The district court erred as a matter of law and abused discretion by simply labeling or mislabeling Appellant's entire GROUND VII Exhibits, claims, and proffered witness as entirely "delusional" and "frivolous" without even an evidentiary hearing. It is clear that Appellant had been sending a fax or multiple faxes asking Attorney Lin Wood on the matter regarding the alleged blackmail scheme. See Document #293-5, Page 2: "*Please let Brian know that I do not receive faxes any longer.*" (Citation omitted) The message from Attorney Lin Wood to Stanley Bolten which was forwarded to Roberta Hill and was printed for Exhibit 6. That clearly shows evidence that one or multiple faxes were faxed to Attorney Lin Wood. The district court should have conducted an evidentiary hearing over how Brian first initiated

contact with Attorney Lin Wood inquiring as to the alleged blackmail scheme. Lin Wood cannot tell Brian everything because whoever went to him with this information is wanting to be kept under attorney/client privilege protections. It is not delusional for an attorney to make such claims then he may be protecting his client or source bringing out damaging claims, especially against Chief Justice John Roberts of the U.S. Supreme Court (Document 293-8, Page 2)(Document #292, Page 132). Even blackmail claims against Chief Justice of SCOTUS can be very damaging to the Federal Judiciary. As an attorney he cannot just leak videos of the child raping and child murdering by "judges" and "officials" for all to see as that would be considered snuff videos of children being raped which is sexual abuse and torture of minors. Not just snuff videos but would be considered child pornography.

59. The district court had erred or abused discretion by denying the Motion for a Special Master without ever holding an evidentiary hearing, without contacting this 'witness' concerning this "attorney from Georgia" to try to confirm or at least try to verify any of Brian's claims or concerns to determine whether GROUND VII holds any merit or not. As was already argued under paragraphs 24 through 58, pages 15 through 42, of this INFORMAL OPENING BRIEF. There is clearly enough evidence to figure out what is going on here. The videos can be reviewed over but have to be reviewed over very cautiously due to the contents of those videos is clearly of a criminal activity or multiple criminal acts being done. It is describing the very act of child sexual abuse and homicide far worse than what Appellant was ever wrongfully convicted of in Document #1 in this case. Appellant was only charged with possessing

42

photographs and/or videos. Appellant never engaged in an act of child rape and murder which Attorney Lin Wood had described of "judges" and "officials" in recent elections. Appellant is a virgin and never molested anybody, was only convicted of possession as can be argued by the Government. The acts of child rape and murder on videos is far more of a heinous crime and must be investigated at all costs, "for the children" as Attorney Lin Wood had said (Document #290-1, Page 5).

60. The district court again asserts the "delusional" label for the collective or accumulated evidence all concerning claims by Attorney L. Lin Wood regarding the blackmail scheme and Appellant's quest to find out which judges are being blackmailed. Claimed in Page 2 of the Order under Document #300:

> "Petitioner also seeks to have venue transferred based on his **delusional blackmail theory** which fails for the reasons already noted. No change of venue is appropriate and Petitioner's Motion will be denied."

61. Again, the district court refuses to allow Appellant to have any opportunity to review the alleged blackmail videos and refuses to allow any attorney or Special Master or anybody to look through the videos. Refuses to contact this attorney and refuses to subpoena him or ask him to have his client or source provide the blackmail videos to the district court before making such a determination.

## CONCLUSION FOR FOURTH APPEAL GROUND

62. It is clear that a judge cannot simply dismiss an entire GROUND VII as "delusional" and "frivolous" without ever a factual finding. There was no evidentiary hearing, not an objection by the Government as of yet. The district

43

court's order labeling GROUND VII, Exhibits, and witness offered as "delusional" and "frivolous" without any evidentiary hearing is erroneous and is a grave mistake. There's lots of Exhibits, Lin Wood statements to all put under the umbrella of "delusional" and "frivolous". This doesn't make any sense. There is too much at stake to simply place all evidence, fears, and claims under that erroneous label.

> **GROUND v. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion for Appointed Counsel To Assist In 2255 Case Motion And Brief/Memorandum Of Law In Support Of Motion under Dkt. #296 when it was appropriate for counsel to be appointed to conduct discovery with the witness: "Attorney L. Lin Wood" from Georgia, conduct further inquiry, and investigate the blackmail scheme claims to determine if the Hon. Thomas David Schroeder, Chief Judge, was in one of the alleged blackmail video files which are encrypted which require a password.**

63. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion for Appointed Counsel To Assist In 2255 Case Motion And Brief/Memorandum Of Law In Support Of Motion under Dkt. #296 when it was appropriate for counsel to be appointed to conduct discovery with the witness: "Attorney L. Lin Wood" from Georgia, conduct further inquiry, and investigate the blackmail scheme claims to determine if the Hon. Thomas David Schroeder, Chief Judge, was in one of the alleged blackmail video files which are encrypted and require a password.

> **GROUND vi. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion for Appointed Counsel under Dkt. #296 when there were other issues regarding discovery other than the blackmail scheme claims which require an officer of the Court for purposes of needing to conduct effective discovery and to fully furnish and establish the facts in all grounds of the 2255 Motion (See Documents #291, #292, for the grounds).**

64. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion for Appointed Counsel under Dkt. #296 when there were other issues regarding discovery other than the blackmail scheme claims which require an officer of the Court for purposes of needing to conduct effective discovery and to fully furnish and establish the facts in all grounds of the 2255 Motion (See Documents #291, #292, for the grounds).

65. Counsel is necessary for all other grounds other than just the alleged blackmail scheme videos. There were other issues all properly cited and argued in the Document #296 Motion requesting Appointment of Counsel. See pages 1 through 28 of Document #296. Counsel is necessary for the issues of effective discovery and to inquire as to what is going on with the State criminal case, any ongoing appeals and dismissed appeals, and to determine the GROUNDS I through VI and VIII through XI. An attorney is necessary due to the complexity of the case and the complexity of the issues involved in the Virginia Courts, Virginia Appellate Courts, and in the Supreme Court of Virginia. Then there is also the Governor's Office which may or may not declare the Appellant as actually innocent. The issues are up in the air and cannot be completely resolved from the record at this time.

> **GROUND vii. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion for Appointed Counsel To Assist In 2255 Case Motion And Brief/Memorandum Of Law In Support Of Motion under Dkt. #296 when Appellant's probation conditions prohibit Appellant from viewing any kind of pornography when the blackmail videos need to be investigated to determine which Federal Judges are in those blackmail videos alleged by Attorney L. Lin Wood. Appellant argued in his motion that appointment of counsel was necessary for review over the alleged blackmail videos to investigate them without Appellant**

**being put at risk of violating his condition of Supervised Release.**

66. The district court erred as a matter of law or abused discretion in denying the Appellant's Motion for Appointed Counsel To Assist In 2255 Case Motion And Brief/Memorandum Of Law In Support Of Motion under Dkt. #296 when Appellant's probation conditions prohibit Appellant from viewing any kind of pornography when the blackmail videos need to be investigated to determine which Federal Judges are in those blackmail videos alleged by Attorney L. Lin Wood. Appellant argued in his motion that appointment of counsel was necessary for review over the alleged blackmail videos to investigate them without Appellant being put at risk of violating his condition of Supervised Release. See Document 296, Page 17 and 18. Appellant said and I quote in his Motion: "*If Petitioner somehow manages to successfully subpoena Attorney Lin Wood and his source or sources, then Petitioner risks violating Supervised Release if he reviews over even one of the blackmail videos alleged by Attorney Lin Wood, to even push for proving if any of the judges were ever involved in the alleged blackmail scheme if the videos prove any of that. Only an Officer of the Court can review over blackmail videos when such videos contain acts of "child rape" and "murder" for the purpose of the blackmailer or blackmailers compromising a Judge or Judicial Official of a Federal Court or State Court or both. Petitioner is not an officer of the Court. Petitioner will need the appointment and assistance of counsel to review over the alleged blackmail videos if voluntarily turned over by Attorney Lin Wood's source or sources.*"

67. Appellant is correct on this claim. See Document #54, Page 4 of 6,

46

SPECIAL SUPERVISED RELEASE CONDITIONS. That special condition said: "**The defendant shall not view**, purchase, **possess**, or control **any sexually explicit materials**, including, but not limited to, pictures, magazines, **video tapes, movies**, or any material obtained through access to any computer or any material linked to computer access or use." The district court erred on refusing an appointment of counsel for Appellant to have the alleged blackmail videos reviewed over because the district court is refusing to allow the Appellant the ability to prove whether the judges involved in his case were blackmailed with child rape and murder. Putting Appellant in a bad position where if he wants to prove GROUND VII, then he risks violating his supervised release special condition which he had agreed to when he was originally convicted.

68. The district court erred on this because the district court is not supposed to put a criminal defendant in a position where his only means to prove the GROUND VII (Document #292, Page 127 through 135) is by forcing the Appellant to be put at risk of violating supervised release just to prove his claim. That makes no sense for a district court to do such a thing when the district court's purpose is to ensure that the Appellant remains compliant with his supervised release conditions. For a district court to be so upset at GROUND VII that they rather the evidence be buried and leave it in secret and fix it where the only way Appellant can prove his claim without a lawyer is by violating his supervised release by refusing him counsel or even that of a Special Master. That is wrong and shows that the District Court rather have Appellant risk breaking the law to prove his 2255 Motion GROUND VII

47

claim of blackmail of Federal Judges.

## CONCLUSION FOR SEVENTH APPEAL GROUND

69. It is clear that Appellant cannot review over the blackmail video files personally as it would risk revocation of supervised release and risk violating a condition of supervised release. There is no guarantee that his Probation Officer would agree to allow and permit Appellant to personally force himself to look through possibly one to tens to hundreds to god knows how many blackmail videos of child rape and murder just to prove GROUND VII in his 2255 case. This is ridiculous that this district court has tried to block Appellant from every means to prove his innocence since day one of his criminal case in 2013, when he was charged. This district court is not acting in the best interest of justice when the district court continues denying, always denying motions, refusing discovery into anything, refusing to investigate anything, refusing to allow investigations into anything. It is as if the district court is afraid of the truth coming out so they continually block the Appellant from ever being able to prove his innocence to anything he is ever accused of. Now his supervised release can be used as a weapon to prevent the Appellant from clearing his name no matter how many 2255 motions he files whether timely or not timely. Lin Wood's hands are tied due to his attorney/client privilege and Appellant's hands are tied due to his supervised release condition prohibiting viewing of the blackmail videos with child rape and murder to find out if Judge Osteen or Chief Judge Thomas David Schroeder is in any of the videos. The district court refuses to permit the Appellant from reviewing over any evidence to clear his

name. That itself is a miscarriage of justice. If Appellant cannot be legally permitted to review the videos himself, then an attorney should do it. The Court must appoint an attorney to request the blackmail videos and review over them. Have a whole team of paralegals for all I care. Whatever needs to be done for the best interests of justice of both the public and of the Appellant? The public doesn't want child molesters working in any Federal Court in America. The blackmail videos would show who in the Federal Judiciary is being blackmailed and would be for the best interest of the American people to find out who. The videos are within the grasp of Attorney Lin Wood's source or client or whatever. They can be reviewed if the district court simply allowed it. They are in the wrong here. A big error.

## VI. CONCLUSION

70. For the reasons stated above, the Appellant urges this Court to vacate the final judgment denying the Motion for a Special Master under Document #294 and Motion for Appointment of Counsel under Document #296 in the 2255 motion case, compel the District Court to hold evidentiary hearings if necessary, and the Court should be ordered and remanded with instructions for the District Court to grant the Motion for a Special Master under Document #294 and Motion for Appointment of Counsel under Document #296 in the 2255 motion case.

71. Appellant also requests that this court order the recusal of the Hon. Magistrate Joe L. Webster and Chief Judge Hon. Thomas D. Schroeder of the U.S.

District Court from further participation in anything to do with the GROUND VII

blackmail claim in the underlying 2255 case and the entire criminal case itself

including any further proceedings in regards to supervised release concerning

Appellant.

> Respectfully Submitted,
> This the 11th day of April,
>
> **BRIAN DAVID HILL**
>   **Pro Se**
>
> _Brian D. Hill_
>       Signed
>                       **Brian D. Hill**
>
> Brian David Hill – Ally of Qanon
> Founder of USWGO Alternative
> News
> 310 Forest Street, Apt. 2
> Martinsville, Virginia 24112
> (276) 790-3505
> _Pro Se Appellant_



## PRIOR APPEALS

Appellant had filed prior appeals in the Fourth Circuit U.S. Court of

Appeals. List includes current appeal case no. 22-6325, the case this brief is filed.

| | | | | | |
|---|---|---|---|---|---|
| 15-4057<br>US v. Brian Hill | 01/30/2015 | Brian David Hill | 06/12/2015<br>14:43:07 | 0418-2 : 1:13-cr-00435-WO-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 17-1866<br>Brian Hill v. EOUSA | 07/25/2017 | Brian David Hill | 12/27/2017<br>11:00:14 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District of Virginia at Danville | |
| 18-1160<br>Brian Hill v. EOUSA | 02/09/2018 | Brian David Hill | 10/09/2018<br>08:08:13 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District of Virginia at Danville | |
| 19-2077<br>In re: Brian Hill | 10/03/2019 | Brian David Hill | 10/17/2019<br>10:41:39 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 19-4758<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 02/23/2021<br>15:03:01 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 19-7483<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 05/06/2020<br>08:45:33 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 19-2338<br>In re: Brian Hill | 11/25/2019 | Brian David Hill | 01/12/2021<br>14:57:45 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 19-7755<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 01/10/2022<br>16:16:36 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 19-7756<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 05/06/2020<br>08:47:08 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 20-6034<br>US v. Brian Hill | 01/06/2020 | Brian David Hill | 01/10/2022<br>16:16:36 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 20-1396<br>Brian Hill v. Glen Hall | 04/07/2020 | Brian David Hill | 07/15/2020<br>08:54:16 | 0423-4 : 4:20-cv-00017-JLK<br>United States District Court for the Western District of Virginia at Danville | |
| 20-7737<br>US v. Brian Hill | 11/24/2020 | Brian David Hill | 01/10/2022<br>16:36:20 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |
| 22-6325<br>US v. Brian Hill | 03/22/2022 | Brian David Hill | 03/29/2022<br>11:20:11 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro | |

## VII.  <u>REQUEST FOR ORAL ARGUMENT</u>

As this appeal raises important constitutional and statutory interpretation issues, the Appellant requests oral argument. Appellant also requests that counsel be appointed to represent Appellant for oral argument if necessary.

Respectfully Submitted,
This the 11th day of April,

**BRIAN DAVID HILL**
  **Pro Se**

*Brian D. Hill*
   Signed
          Brian D. Hill
Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*



## CERTIFICATE OF COMPLIANCE

1. This brief complies with type-volume limits (contains no more than 13,000 words) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [ X ] this brief contains [*12,993*] words.

   [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2013*] in [*14pt Times New Roman*]; or

   [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  April 11, 2022                    *Brian D. Hill*
                                          Signed
                                          **Brian D. Hill**



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505

                                          *Pro Se Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 11th day of April, 2022, I caused this Informal

Opening Brief of Appellant to be filed with the Clerk of the Court by mailing the

foregoing (Certified Mail tracking no. 7021-0350-0000-9720-0080) in a Priority

Mail envelope with the Clerk of the Court then request that pursuant to 28 U.S.C.

§1915(d) that the Clerk of the Court move to electronically file the foregoing using

the CM/ECF system, which will send notice of such filing to the following registered

CM/ECF users:

> Anand P. Ramaswamy
> OFFICE OF THE U.S. ATTORNEY
> 101 South Edgewater Street, 4th Floor
> Greensboro, North Carolina 27401
> (336) 333-5351
> Anand.Ramaswamy@usdoj.gov
>
> *Counsel for Appellee*
>
> Angela Hewlett Miller
> U.S. Attorney Office
> 101 South Edgeworth Street, 4th
> Floor, Greensboro, NC 27401
> (336) 333-5351
> angela.miller@usdoj.gov
>
> *Counsel for Appellee*
>
> John M. Alsup
> U.S. Attorney Office
> 101 South Edgeworth Street, 4th
> Floor, Greensboro, NC 27401
> (336) 333-5351
> john.alsup@usdoj.gov
>
> *Counsel for Appellee*

54

Respectfully Submitted,
This the 11th day of April,

**BRIAN DAVID HILL**
   **Pro Se**

*Brian D. Hill*
Signed
                Brian D. Hill

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*

*JusticeForUSWGO.wordpress.com*
*JusticeForUSWGO.NL*






*Documentary on BLACKMAIL*



PRIORITY MAIL

U.S. POSTAGE PAID
PM 2-Day
MARTINSVILLE, VA
24112
APR 11, 22
AMOUNT
$14.55
R2305M146971-18

1021          23219

## U.S.W.G.O.

Brian D. Hill - Ally of Q
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
WWG1WGA Q Intel Drain the
Swamp MAGA - INVESTIGATE!
JusticeForUSWGO.wordpress.com

WHERE WE GO ONE, WE GO ALL!

**TO:**

Clerk of the Court
U.S. Court of Appeals, Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

0000 9720 0080

**FEDERAL PORN WARS - Part 3: BLACKMAIL of Series -**
**DOCUMENTARY at JusticeForUSWGO.word...**
https://youtu.be/zR-7VW...

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.



## UNITED STATES POSTAL SERVICE ®

# FLAT RATE ENVELOPE
### ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



FEDERA
DOCUMI
https://yo

# TRACKED ■ INSURED



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

For Domestic shipments, the maximum weight is 70 lbs. For inte